# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR,<br><br>       Petitioner,<br><br>   v.<br><br>MICHAEL L. BENOV,<br><br>       Respondent.<br>_____ / | 1:12-cv-00381-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO TRANSFER PETITION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA<br><br>[Doc. 14] |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     Petitioner filed the instant petition for writ of habeas corpus on October 17, 2011, in the United States District Court for the Northern District of California. On March 6, 2012, the petition was transferred to this Court.

     On March 19, 2012, the Court directed Respondent to file a response to the petition. On May 17, 2012, Respondent filed a motion to transfer the petition to the United States District Court for the Central District of California[1] or to stay the petition pending the outcome of Petitioner's case in the Central District. Petitioner has not filed a response.

     When Petitioner was incarcerated at the Federal Correctional Institution in Taft, California (FCI Taft), he filed a petition for writ of habeas corpus in the Northern District of

---

[1] Petitioner was properly served by mail with a copy of the motion at the Federal Correctional Institution in Lompoc, California. See ECF. No. 14.

1  California challenging the Bureau of Prisons' (BOP) calculation of his sentence.  He specifically
2  alleges that BOP is refusing to properly credit him with presentence credits pursuant to 18 U.S.C.
3  § 3585.
4        Both Respondent and Petitioner have submitted that Petitioner is currently incarcerated at
5  the FCI in Lompoc, California, which is in the Central District of California.[2]  See Ex. A, Federal
6  Bureau of Prisons Inmate Locator, at http://www.bop.gov.
7        Respondent submits that on or about January 30, 2012, Petitioner filed a nearly identical
8  writ of habeas corpus petition under 28 U.S.C. § 2241 in the Central District of California.  Ex.
9  B, Docket, Hassan Abpikar v. Lompoc Federal Bureau of Prisons, et. al., Case #2:12-cv-00827-
10 MMM-RZ.  Petitioner filed a second amended petition for writ of habeas corpus under 28 U.S.C.
11 § 2241 on April 19, 2012.  Id.  The government filed an answer to the petition on May 10, 2012.
12 Id. at ECF. No. 18.  Petitioner filed a response on May 29, 2012.  Id. at ECF. No. 19.
13       The Court takes judicial notice of the second amended petition filed in the Central
14 District of California in case number 2:12-cv-00827-MMM-RZ,[3] and finds the instant petition for
15 writ of habeas corpus filed in this Court on March 6, 2012, is duplicative.[4]
16       Federal courts retain broad powers to control their dockets and "prevent duplicative or
17 unnecessary litigation."  Slack v. McDaniel, 529 U.S. 473, 478 (2000); Link v. Wabash R. Co.,
18 370 U.S. 626, 630-631.  Preventing duplicative litigation fosters judicial economy and the
19 "comprehensive disposition of litigation," Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342
20 U.S. 180, 183 (1952), and "protect[s] parties from 'the vexation of concurrent litigation over the

---

[2] On June 1, 2012, Petitioner submitted a notice of change of address indicating a current address at FCI, Lompoc.

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

[4] Although the instant petition for writ of habeas corpus was initially filed in the United States District Court for the Northern District of California on October 17, 2011, it was not transferred to this Court until nearly six months later on March 6, 2012, which is after the initial petition was filed in case number 2:12-00872-MMM-RS on January 30, 2012.

1  same subject matter.'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Adam
2  v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)). "Plaintiffs generally have 'no right to maintain two
3  separate actions involving the same subject matter at the same time in the same court and against
4  the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007)
5  (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). "Dismissal of the duplicative
6  lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial
7  economy and the 'comprehensive disposition of litigation.'" Adams v. Cal. Dep't of Health
8  Servs., 487 F.3d at 692.

9       In both petitions, Petitioner challenges the BOP's failure to credit him with 544 days of
10 presentence credits pursuant to 18 U.S.C. § 3585 for the period of time he spend in official
11 detention from May 30, 2006 to July 11, 2006, and June 23, 2008 to November 6, 2009, and
12 claims he should have been released on November 16, 2011. The Court has thoroughly reviewed
13 the petitions in both cases, and although the petition in the Central District's case appears to add
14 more factual and legal support for his claim, the sole claim raised in the instant, i.e. the failure to
15 award presentence credit of 544 days is clearly set forth in the petition in case number 2:12-
16 00827-MMM-RS. The petition in the Central District, case number 2:12-cv-00827-MMM-RS, is
17 fully briefed and awaiting a determination on the merits. Given these circumstances, the Court
18 finds the duplicative petition for writ of habeas corpus pending in this case should be dismissed
19 to promote judicial economy and protect the parties from concurrent litigation of the same claim.

20                                       RECOMMENDATION

21      Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for
22 writ of habeas corpus be DISMISSED as duplicative of the petition filed in the Central District of
23 California in case number 2:12-cv-00827-MMM-RS.

24      This Findings and Recommendation is submitted to the assigned United States District
25 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
26 Local Rules of Practice for the United States District Court, Eastern District of California.
27 Within fourteen (14) days after being served with a copy, any party may file written objections
28 with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:  June 22, 2012**　　　　　　　　　　／s／ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE